# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

FILED

SEP 27 2006

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

GEORGE ILGENFRITZ,

D.O.C. No. 322498

(Enter above the full name of the Plaintiff[s] in this action. Include register or identification number[s].)

- vs -

OFFICER TIPLER, AND

MICHAEL R. CORNELL, Sued in their individual and official capacities. AND:

Please see next attached page 1-A

(Enter above the full name of ALL Defendant[s] in this action. Fed. R. Civ. P. 10(a) requires that the caption of the <u>complaint</u> include the names of all the parties. Merely listing one party and "et al." is insufficient. Please attach additional sheets if necessary.)

2:06CV   00055ERW

Case No. _____

JURY TRIAL DEMANDED

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

I.   **PLACE OF PRESENT CONFINEMENT OF PLAINTIFF(S):** NORTHEAST CORRECTIONAL CENTER, 13698 AIRPORT ROAD, BOWLING GREEN, MISSOURI, 63334.

II.  **PREVIOUS CIVIL ACTIONS:**

   A.   Have you begun other civil actions in state or federal court dealing with the same facts involved in this action, or otherwise relating to your confinement?

        YES [  ]                    NO [X]

1

| | |
|---|---|
| JOHN DOE # 1 AND: ) | |
| JOHN DOE # 2 AND: ) | |
| JOHN DOE # 3 all ) | |
| sued in their individual ) | |
| and official capacities. ) | |
| AND ) | **JURY TRIAL DEMANDED** |
| THE STATE OF MISSOURI, AND: ) | |
| A YET UNKNOWN AND UNIDENTIFIED ) | |
| NUMBER OF CORRECTIONS OFFICERS ) | |
| AND DEPARTMENT OF CORRECTIONS ) | |
| EMPLOYEES, all sued in their ) | |
| individual and official ) | |
| capacities. ) | |
| Defendants. ) | |

B. If your answer to "A" is YES, describe the action in the space below. (If there is more than one civil action, you must describe the additional lawsuit[s] on another piece of paper, using the same format as is outlined below.) Your failure to comply with this provision will result in summary denial of your complaint.

   1. Parties to previous civil action(s):

      Plaintiff(s): _____

      _____

      Defendant(s): _____

      _____

   2. Court wherein filed:

      _____

   3. Docket number or Case number:

      _____

   4. Name of Judge to whom case was assigned:

      _____

   5. Basic claim made:

      _____

      _____

   6. Present disposition (Was the case dismissed? Was it appealed? Is it still pending?):

      _____

   7. Date filed: _____   8. Date of disposition: _____

III. GRIEVANCE PROCEDURES:

   A. Is there a prisoner grievance procedure at the institution wherein you are incarcerated?

      YES [x]                NO [ ]

2

B. Have you presented through this grievance system the facts which are at issue in this complaint?

YES [ X ]           NO [ ]

C. If your answer to "B" is YES, indicate:

   1. What steps did you take?
FILED AN I.R.R. WITH CASEWORKER, THEN FILED A GRIEVANCE, THEN A GRIEVANCE APPEAL. ALL WERE DENIED.

D. If your answer to "B" is NO, explain why you have not used the institutional grievance system:

_____

_____

E. If there is no prisoner grievance procedure at the institution wherein you are incarcerated, have you complained to prison authorities?

YES [ ]           NO [ ]

F. If your answer to "E" is YES, indicate:

   1. What steps did you take?

_____

_____; and

   2. What was the result?

_____

_____

_____

_____

_____

3

IV. **PARTIES TO THIS CIVIL ACTION:**

In item A, below place your name in the first blank, place your present address in the second blank and place your identification number or register number in the third blank. Do the same for any additional plaintiff(s) under Item C, below:

A. Name of Plaintiff: GEORGE ILGENFRITZ

   Plaintiff's address: NECC, 13698 AIRPORT ROAD, BOWLING GREEN, MO 63334

   Identification number: 322498

In item B, below, place the full name of the defendant in the first blank, his official position in the second, and his place of employment and address in the third blank. Use Item C for the names, the official positions, and the places of employment and addresses of any additional defendant(s).

B. Defendant OFFICER TIPLER is employed as UNKNOWN / FIRED, WAS AN OFFICER at SOUTHEAST CORRECTIONAL CENTER, 300 E. PEDRO SIMMONS, CHARLESTON, MO 63834.

C. Additional plaintiff(s) and address(es):
MICHAEL R. CORNELL, is employed as an ASST. SUPERINTENDENT at the SOUTHEAST CORRECTIONAL CENTER, 300 E. PEDRO SIMMONS, CHARLESTON, MISSOURI, 63834

Additional defendant(s) and address(es):
JOHN DOE #1 IS A SERGEANT, JOHN DOE #2 IS A LIEUTENANT AND JONH DOE #3 IS THE MAJOR, all at the SOUTHEAST CORRECTIONAL CENTER 300 E. PEDRO SIMMONS, CHARLESTON, MISSOURI 63834

E. STATE OF MISSOURI DEPARTMENT OF CORRECTIONS, at P.O. BOX 899 JEFFERSON CITY, MISSOURI 65102

4

V. **COUNSEL:**

    **A.** Do you have an attorney to represent you in the present civil action?

    YES [ ]        NO [X]

    **B.** If your answer to "A" is NO, have you made any effort to contact a private attorney to represent you in this matter?

    YES [ ]        NO [X] NOT YET

    **C.** If your answer to "B" is YES, state the name(s) and the address(es) of the attorney(s) you have contacted and explain the results of those efforts:

    **D.** If your answer to "B" was NO, explain why you have not made such efforts:

    BECAUSE I AM INCARCERATED AND DO NOT HAVE THE FUNDS TO HIRE AN ATTORNEY. I DO PLAN ON CONTACTED SOME IN THE NEAR FUTURE TO SEE IF ONE WILL HANDLE IT PRO BONO,

    **E.** Have you previously been represented by counsel in a civil action in this Court?

    YES [ ]        NO [X]

    **F.** If your answer to "E" is YES, state that attorney's name and address:

VI. **STATEMENT OF CLAIM:**

State here, as briefly as is possible, that facts of your claim. Describe how each defendant is involved. Include also the names of other persons involved, and dates and places. Do not make any legal arguments; cite no cases or statutes. If you intend to raise two or more related claims, number and set forth each claim in a separate

5

paragraph. **Avoid using more space than is provided. The Court strongly disapproves of the stating of claims outside the provided space.** Unrelated claims must be made in a separate complaint.

VI. **STATEMENT OF CLAIM (continued)**   FACTS

1. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

2. On or about March 1, 2005 while in my assigned cell Corrections Officer Tipler would unlock my double locked door for other inmates to come in.

3. Officer Tipler unlocked the door for inmates that were his drug buying customers.

4. Officer Tipler then knowingly allowed these said inmates to come into my cell.

5. With Officer Tiplers knowledge and approval the yet unidentified inmates would get into my bed with me.

6. Then with Officer Tiplers knowledge and approval they would place a pen point or knife to my neck and threaten to kill me if I said a word.

7. These customers of Officer Tiplers would then rap me violently.

8. I told my celly (inmate Farris) what had been happening to me, I further asked him if he double locks the cell door when he leaves for work. I stated always double lock it. He told me he does and always

6

will and did on that day.

9. Officer Tipler continued to unlock my door for his drug customers for approximately 5 or 6 more times.

10. The men Officer Tipler was letting in my cell to rape me were different men each time.

11. I was injured badly after each rape. My rectum had sever bleeding after each rape, I had to pack my butt checks with toilet tissue to stop the bleeding.

12. These attacks and rapes had me near a nervis break down do to the violent acts.

13. I was so scared of Officer Tipler, and scared the men that raped me would someday kill me. These men were still in my housing unit wing around me every day keeping me to scared that they would kill me if I reported Tipler or them.

14. Not knowing what to do I finely told a trusted friend by the name of Willie McGee aka Nitro what was going on.

15. Inmate McGee than went and told caseworkers Doris and Ganes what Officer Tipler was doing and how he was letting other inmates into plaintiffs cell to rape him.

16. The caseworkers Doris and Ganes called me back to their office to talk to me about this.

17. At this point the rapes and attacks stopped.

6-A

18. Then on or about May 1, 2005 plaintiffs cell door popped open. My celly was on the top bunk and I was sitting in my chair.

19. A black man rushed in and placed a sharp object to my neck.

20. Another man then came in my cell and ~~~~ stole all of my celly and my's canteen we had just bought.

21. After the man left I looked to see who was in the control bubble. I saw it was Officer Tipler. He opened the door for his drug customers to rob my celly and I.

22. The following week after coming back from the canteen, I had just gotten my stuff in the cell and shut and made sure my door was locked, when it popped back open.

23. I then ran to look and the two robbers were back again. I tried to pull the door back shut. The man would tell Tipler to reopen it and Tipler would keep opening the door from the control bubble. This went on for about ten minutes.

24. Then Officer Jones walked into my wing and the man took off.

25. Officer Jones came to ask what was going on. I told him, and told him every thing that had been going on with the robbers and Tipler letting them in to rob me.

26. Officer Jones said he would see if he could get me moved.

6-B

27. A few days later I was moved to 5 house.

28. After a little over a month I was placed in segregation.

29. I was released from Segregation some time around June 19th or thereafter.

30. I was placed back in 4 house back where Officer Tipler was.

31. By this time the administration and Tiplers superior Officers knew what Tipler was doing and had placed him under investigation for bringing in drugs, selling drugs to inmates, and assisting his customers in robbing other inmates.

32. Because had now reported what had been happening to me I was knowingly placed in harms way where Tipler could now retaliate and harass me for reporting these rapes and robberies.

33. On September 13, 2005 Officer Tipler opened my cell door.

34. An inmate then rushed up in my cell and stabbed and beat plaintiff unconscious and then robbed me.

35. Plaintiff was severally injured in this attack that was in retaliation to which Tapler assisted his customer in.

36. Officer Tipler was shortly thereafter indicted and arrested.

37. Defendant Michael R. Cornell was involved and or knew Tipler was under investigation and the

6-C

illegal activities he was involved in. Defendant Cornell knowingly allowed plaintiff to be put in harms way and as an administrator had the duty and power to prevent the attacks and stabbing of plaintiff.

38. John Does #1, #2 and #3 had advanced knowledge of Taplers illegal activities and knew he was under investigation and ad a duty to take actions to protect plaintiff, but failed to take any action, and failed to protect the plaintiff. These were Tiplers superior Officers and had the authority to take action to protect the plaintiff.

39. The other yet unknown and unidentified number of corrections officers and Department of Corrections employees are those that knew or should have know about the illegal activities of Officer Tiplers and had a duty to take action to prevent the attack and stabbing of plaintiff. They were all aware of The investigation and failed to protect plaintiff.

### CLAIMS FOR RELIEF

40. Defendant Tipler was a Corrections officer at the time until his arrest. The actions of defendant Tipler in assisting other inmates in the rapes, assault, robberies and stabbing of the plaintiff, or in failing to intervene to prevent these actions were done maliciously and sadistically and constituted cruel and unusual punishment, a failure to protect, reckless disregard for plaintiffs health and safety,

6-D

and further constitutes deliberate indifference all in violation of the Eighth Amendment of the United states constitution.

41. Defendant Michael R. Cornell is an assistant Superintendent at the Southeast Correctional Center. The failure of defendant Cornell to take preventive action, disciplinary or other action to curb the known pattern of Tiplers actions assisting other inmates in the physical abuse of other inmates constituted a failure to protect, reckless disregard for safety, cruel and unusual punishment, and further constituted deliberate indifference, and contributed to and proximately caused the above described violation of Eighth Amendment rights and rape, assault and battery.

42. Defendants John Doe #1, 2 and 3 are Officer Tiplers superior Officers at the Southeast Correctional Center. The failure of John Doe #1, 2 and 3 to take preventive action, disciplinary or other action to curb the know pattern of Officer Tiplers actions in assisting other inmates in the physical abuse of other inmates constituted a failure to protect, reckless disregard for safety, cruel and unusual punishment, and further constituted deliberate indifference, and contributed to and proximately caused the above described violation of Eighth Amendment rights and rape, assault and battery.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

    1. The physical abuse of the plaintiff by other inmate with the assistance of defendant Tipler violated the plaintiff's rights under the Eighth Amendment to the United States constitution and constituted assault and battery under state law.

    2. Defendant's Cornell, Doe #1, 2 and 3's failure to take action to curb the physical abuse, rapes assaults, stabbing's and robberies of prisoners with the assistance of defendant Tipler violated plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

B. Issue an injunction ordering defendants Tipler, Cornell, Doe # 1, 2 and 3 to:

    1. Protect plaintiff at all times in the future.

    2. To uphold prisoners and plaintiff's Constitutional rights at all times.

C. Award compensatory damages in the following amounts:

        1. $10,000,000.00 against defendant Tipler for the physical and emotional injuries sustaind as a result of the plaintiff's rapes, assaults, stabbing and robberies.

        2. $3,000,000.00 against defendants Cornell, Does #1, 2 and 3 for the physical and emotional injuries sustained as a result of the plaintiffs rapes, assaults, stabbing's and robberies.

D. Award punitive damages in the following amounts:

        1. $500,000.00 against defendant Tipler.

        2. $250,000.00 each against defendants Cornell, Doe #1, 2 and 3.

E. Grant such other relief as it may appear that plaintiff is entitled.

VII. **RELIEF:**

State briefly and exactly what you want the Court to do for you. Make no legal arguments; cite no cases or statutes. (Note: If you are a state prisoner and seek from this Court relief which affects the length or duration of your imprisonment e.g., restoration of good time forfeited, expungement of records, parole release decisions, et cetera - your case must be filed on a §2254 form.)

PLEASE SEE PAGE 6-F

VIII. **MONEY DAMAGES:**

A. Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

YES [ X ]            NO [ ]

B. If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

PLEAE SEE PAGES 6-F and 6-G

XI. Do you maintain that the wrongs alleged in the complaint are continuing to occur at the present time?

YES [ ]            NO [ X ]

I declare under penalty of perjury that the foregoing is true and correct. Signed this 5Th day of September, 20 06.

_(signature)_
332498

9-5-06
Date

Signature of Plaintiff(s)

7

RECEIVED BY MAIL
SEP 12 2006
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

RECEIVED BY MAIL
SEP 27 2006
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

FILED
SEP 27 2006
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## CERTIFICATE OF MAILING

I, George Ilgenfritz hereby certify and declare under penalty of perjury that I turned over my U.S.C §1983 civil rights action form and two copies for mailing to prison authorities on this 5th day of September, 2006.

GEORGE ILGENFRITZ   322458