# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

GEORGE ILGENFRITZ,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)　　No. 2:06CV00055 ERW
　　　　　　　　　　　　　　　　)
UNKNOWN TIPLER, et al.,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　)

## ORDER AND MEMORANDUM

This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Northeast Correctional Center, seeks monetary, declaratory, and injunctive relief in this 42 U.S.C. § 1983 action against Southeast Correctional Center ("SECC") employees Unknown Tipler (correctional officer), Michael R. Cornell (assistant superintendent), John Doe #1 ("sergeant"), John Doe #2 ("lieutenant"), John Doe #3 ("major"), State of Missouri, Unknown Corrections Officers, and Unknown Corrections Employees. Plaintiff's allegations arise out of events that occurred at SECC between approximately March 1, 2005, and September 13, 2005.

**Discussion**

Plaintiff's claims against defendants Unknown Tipler, Michael R. Cornell, John Doe #1, John Doe #2, and John Doe #3, regarding the violation of his Eighth Amendment rights survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Unknown Tipler, Michael R. Cornell, John Doe #1, John Doe #2, and John Doe #3 reply to the complaint.

The complaint is legally frivolous as to defendant State of Missouri. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)(State of Missouri is not a "person" for purposes of § 1983).

Finally, the Court notes that an action may proceed against a party whose name is unknown if the allegations are sufficiently specific to permit the party's identity to be ascertained after reasonable discovery. See Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain specific allegations regarding the identity of the Unknown Corrections Officers and Unknown Corrections Employees. These defendants are both unidentified and indeterminate in number, which is not permissible. Cf. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**[1]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants State of Missouri, Unknown Corrections Officers, and Unknown Corrections Employees, because the claims against these defendants are legally frivolous and/or fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Unknown Tipler, Michael R. Cornell, John Doe #1, John Doe #2, and John Doe #3, the Clerk shall issue process or cause process to issue upon the complaint.

---

[1] On September 27, 2006, plaintiff paid the full $350 filing fee. On October 13, 2006, plaintiff filed a motion for leave to proceed in forma pauperis relative to "other costs associated with this complaint such as service, counsel, [and] depositions." The Court notes that under 28 U.S.C. § 1915(b)(3), it may not collect fees from a prisoner in excess of $350, which, as previously stated, plaintiff has already paid.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Tipler, Michael R. Cornell, John Doe #1, John Doe #2, and John Doe #3 shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

So Ordered this 13th Day of November, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**