UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| GEORGE ILGENFRITZ, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:06CV00055 ERW |
| ) | |
| TOMMY TIPLER, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Missouri Depart of Corrections' Motion to Dismiss [doc. #51].

**I. BACKGROUND**

Plaintiff filed suit against Defendants Tommy Tipler, Michael Cornell, Missouri Department of Corrections, Troy Steele, as well as the State of Missouri and a number of unknown Department of Corrections Officers and Employees, and three individuals identified only as John Does. This Court dismissed the claims against the State of Missouri and the unknown Department of Corrections Officers and Employees on November 13, 2006, and dismissed the claims against the three John Does on January 10, 2007. Plaintiff's claims remain pending against the Defendants Tipler, Cornell, Steele, and the Department of Corrections. Following these rulings, the Court ordered service of process on the remaining Defendants, and appointed counsel for the Plaintiff. Plaintiff is represented by Jeffrey Curl. On March 6, 2008, Defendant Missouri Department of Corrections ("Defendant") filed the pending motion to dismiss. Defendant's motion addresses Count II of Plaintiff's Complaint, as this is the only Count against the Missouri

1

Department of Corrections. Plaintiff did not respond to this motion. On April 4, 2008, this Court issued a show cause order, ordering Plaintiff to show cause by April 14, 2008, why Defendant's Motion to Dismiss should not be granted. Plaintiff did not respond to this Court's April 14, 2008 order.

## II. LEGAL STANDARD

A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F. 3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In an order on a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F. 3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

"While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he basis his claim,' Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007) (citing *Conley*, 355 U.S. at 47) (emphasis added by *Bell Atlantic Corp.*). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*,

478 U.S. 265, 286 (1986) (alterations in original)). Furthermore, "[t]he Court need not accord the presumption of truthfulness to any legal conclusions, opinions or deductions, even if they are couched as factual allegations." *Davis v. Bemiston-Carondelet Corp.*, 2005 WL 2452540, at *5 (E.D. MO. Oct. 4, 2005) (citing *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

### III. DISCUSSION

Defendant asserts that Plaintiff's claim against the Defendant cannot be maintained as it fails to state a claim upon which relief can be granted, specifically, that the Defendant is not a person for purposes of 42 U.S.C. § 1983. In the alternative, Defendant argues that such a claim is barred by the Eleventh Amendment. Regardless of the Plaintiff's lack of response, the Court will briefly address the merits of Defendant's arguments.

42 U.S.C. § 1983 states that "every person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983. The Missouri Department of Corrections is a division of the state and therefore, is not a person within the meaning of § 1983. *See Lococo v. Florissant Police Department*, 2008 WL 554254, *2 (E.D. Mo. Feb. 27, 2008) ("[A] suit against the Missouri Department of Corrections . . . is, in effect, a suit against the State of Missouri . . . [and] the State of Missouri is not a 'person' for purposes of a § 1983 action and is absolutely immune from liability under § 1983."); *see also Will v. Michigan Department of State Police*, 491 U.S. 58, 63 (1989).

3

Therefore, the Court concludes that the Plaintiff cannot maintain a suit against the Defendant, as the Defendant is not a person within the meaning of the statute.

Additionally, Defendant's second argument is also successful, namely that Plaintiff's claim against the Defendant is barred by the Eleventh Amendment. Plaintiff's complaint asserts that Defendant waived sovereign immunity, as evidenced through Missouri law. *See* Mo.Rev.Stat. § 537.610.

"It is clear, . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). This same rule applies in the context of a § 1983 case filed by an inmate. *See Morstad v. Department of Corrections and Rehabilitation*, 147 F.3d 741, 744 (8th Cir. 1998) ("[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability.").

In a recent decision of this Court, the Court stated that in a suit against the Missouri Department of Corrections, "the claims are barred by the Eleventh Amendment." *Lococo*, 2008 WL 554254, at *2 (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)); *see also Wilson v. Lancaster*, 2008 WL 1732923, at *2 (E.D. Mo. April 10, 2008). The Plaintiff in this case asserts that Missouri law specifically waives the state's claim of sovereign immunity due to the Defendant's purchase of insurance against tort claims. The provision of state law cited by the Plaintiff states: "The commissioner of administration, through the purchasing division, and the governing body of each political subdivision of this state . . . may purchase liability insurance for tort claims made against the state or political subdivision." Mo. Rev. Stat. § 537.610. Plaintiff has not provided a response to Defendant's motion to dismiss, and his single citation to the

4

Missouri Code is insufficient to support a finding of a waiver of sovereign immunity by the Missouri Department of Corrections. Assuming that the Department of Corrections would be included under the statutes mandate, which refers only to "the commissioner of administration" and "the governing body of each political subdivision," Plaintiff's complaint fails to allege any facts to support waiver in this case. Plaintiff's complaint, under Count II asserts waiver, however this section refers to the City of Park Hills,[1] and not the Missouri Department of Corrections. Therefore, Plaintiff has failed to plead that the Missouri Department of Corrections is a political subdivision for purposes of Missouri's law regarding waiver, nor has he pleaded that the Defendant has purchased liability insurance. The Court concludes that Plaintiff's claim cannot succeed against the Missouri Department of Corrections as it is protected by sovereign immunity. Therefore, even were the Defendant a person within the meaning of § 1983, which it is not, it would be protected from suit by the Eleventh Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant the Missouri Department of Correction's Motion to Dismiss [doc. #51] is **GRANTED**.

Dated this 23rd Day of April, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[1] The City of Park Hills is not a Defendant in this action, and the Court is not aware of the significance of these allegations in the Plaintiff's First Amended Complaint.