UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| GEORGE ILGENFRITZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TOMMY TIPLER, et al., )<br>)<br>Defendants. ) | Case No. 2:06CV00055 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint and Add Additional Party [doc. #70]. A hearing was held on November 6, 2008, and the Court heard arguments from the parties on the Motion.

On September 27, 2006, Plaintiff George Ilgenfritz ("Plaintiff"), acting *pro se*, filed suit against Tommy Tipler, Michael R. Cornell, John Doe #1, John Doe #2, John Doe #3, the State of Missouri, and a number of unidentified Department of Corrections employees. Shortly thereafter, Plaintiff obtained counsel, and an Amended Complaint was filed. The Amended Complaint named Tommy Tipler, Troy Steele, Michael R. Cornell, and the Missouri Department of Corrections as defendants. Then, on July 30, 2007, the Court granted Plaintiff's previous counsel's Motion to Withdraw as Attorney. After a series of unsuccessful attempts at obtaining an attorney, the Court appointed Attorney Jeffrey R. Curl to serve as Plaintiff's newly-appointed counsel on October 25, 2007. At some point after his appointment, Mr. Curl discovered that, at the time the events in dispute occurred, Charles Dwyer, who is not a defendant in this case, was the Warden of the Missouri Department of Corrections facility at which Plaintiff was incarcerated. Plaintiff's previous counsel had only named Troy Steele, the man who took over the Warden position after

Mr. Dwyer retired, as a defendant. As a result of this discovery, Mr. Curl filed the pending Motion, requesting that the Court grant Plaintiff leave to file an amended complaint that would add Mr. Dwyer as an additional party.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has established that "absent a good reason for denial-such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment-leave to amend should be granted." *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). It is important to note, however, that this liberal viewpoint toward amending does not mean that there is an absolute right to amend; rather, "[w]here an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

In this case, there is no evidence of bad faith or dilatory motive. Further, despite Defendants' argument to the contrary, there is no indication that Plaintiff's request is the result of undue delay. Mr. Curl, Plaintiff's newly-appointed counsel, did not have the benefit of seeing the case through from start to finish. Rather, he was appointed to assist Plaintiff more than a year after the case was filed. As suggested by Defendants, it is possible that Plaintiff waited a month and a half to file his Motion for Leave to Amend, since Mr. Curl could have discovered the error in mid-September, when he took the deposition of Troy Steele. However, this is not an unreasonable amount of time, considering the circumstances.

Although allowing the amendment will cause some delay in the proceeding of this case, the delay would be slight and there is no evidence of undue prejudice to Defendants. The discovery deadline has passed since Plaintiff filed the pending Motion, but the parties will be given

additional time to complete discovery and the dispositive motion deadline will likewise be adjusted. A trial date has not yet been set, so this is not a relevant concern.

Finally, this proposed amendment is not futile. Mr. Dwyer was the Warden of a prison when one of its prisoners was allegedly subjected to civil rights violations and physical and emotional injury. Without passing judgment on the merit of his claims, Mr. Dwyer is a proper party to this action. Plaintiff has asserted claims against Mr. Dwyer in his individual capacity and argues that Mr. Dwyer's actions caused some or all of Plaintiff's alleged injuries. He has also made allegations of a policy, practice, or custom of constitutional violations and unlawful behavior. These are legitimate claims to bring against a warden and amending the complaint to include Mr. Dwyer as a party would not be a futile gesture.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint and Add Additional Party is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall complete all Discovery no later than January 17, 2009. Motions to Compel shall be filed no more than eleven (11) days following the discovery deadline set out above. Any Motions to Dismiss, Motions for Summary Judgment, or Motions for Judgment on the Pleadings shall be filed no later than March 20, 2009. Responses in Opposition shall be filed within twenty (20) days of the filing of said Motion and any Reply shall be filed within five (5) days thereafter.

Ordered this 25th Day of November, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE