UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| GEORGE ILGENFRITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:06CV00055 ERW |
| ) | |
| TOMMY TIPLER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Tipler's Motion for Partial Judgment on the Pleadings [doc. #63].

**I.    BACKGROUND**

On September 5, 2006, George Ilgenfritz ("Plaintiff"), an inmate with the Missouri Department of Corrections, initiated a civil lawsuit by depositing a complaint with prison authorities, to be mailed to the Court Clerk for the United States District Court of the Eastern District of Missouri for filing. The named defendants to the lawsuit were Tommy Tipler, Michael Cornell, the State of Missouri, the Missouri Department of Corrections, a number of unknown Department of Corrections officers and employees, and three individuals identified only as John Doe #1, John Doe #2, and John Doe #3. The complaint included allegations of constitutional rights violations and related state claims stemming from three incidents, in which other inmates purportedly entered Plaintiff's cell and attacked him. According to Plaintiff's claims, these incidents occurred on March 1, 2005, May 1, 2005, and September 13, 2005. Specifically, with respect to Tommy Tipler ("Defendant Tipler"), Plaintiff asserted that he

remotely unlocked Plaintiff's cell door before each incident, allowing the other inmates to enter and attack him. Plaintiff further alleged that other corrections officers were aware of the situation, but failed to properly respond.

The complaint Plaintiff turned over to the prison authorities on September 5, 2006 was received by the Court Clerk for the Eastern District of Missouri on September 12, 2006. Based on instructions he received from the prison law library, Plaintiff included a check for $250.00 with his complaint, to cover the filing fee. However, the fee to file a claim in the Eastern District of Missouri at that time was actually $350.00. As a result, the Court Clerk returned both the complaint and the check to Plaintiff, instructing him that he would need to resend the complaint with the proper filing fee. On September 18, 2006, Plaintiff resent his complaint, along with the proper $350.00 filing fee and a letter explaining how the error had occurred. This letter was stamped as received by the Court Clerk on September 27, 2006, and the Court Clerk officially filed Plaintiff's complaint that same day.

On October 12, 2006, Plaintiff filed a Motion for Declaratory Judgment [doc. #3], explaining that he was acting *pro se*[1] and requesting that this Court declare that his complaint be deemed filed either on September 5, 2006, the day Plaintiff deposited it with the prison authorities to be mailed, or on September 12, 2006, the date it was originally received by the Court Clerk, albeit without the full filing fee. On June 26, 2007, this Court denied Plaintiff's Motion for Declaratory Judgment as premature and indicated that, if necessary, Plaintiff could reassert his arguments regarding the date of filing in response to any dispositive motion made by Defendants.

---

[1] It should be noted that Plaintiff is no longer acting *pro se*. An attorney first entered an appearance on Plaintiff's behalf on November 27, 2006.

2

On November 13, 2006, the Court dismissed all of Plaintiff's claims against both the State of Missouri and the unknown Department of Corrections officers and employees. On January 10, 2007, Plaintiff filed an amended complaint which added Michael Steel as a defendant and which terminated the claims against John Doe #1, John Doe #2, and John Doe #3. On April 23, 2008, the Court granted Missouri Department of Corrections' Motion to Dismiss, thereby terminating the claims against that Defendant.

At the present time, Plaintiff's claims remain pending against Defendants Tipler, Cornell, and Steele. On July 28, 2008, Defendant Tipler filed the pending Motion for Partial Judgment on the Pleadings. Defendant Tipler's Motion addresses Count III of Plaintiff's complaint, in which Plaintiff alleges that Defendant Tipler acted negligently under Missouri law by unlocking Plaintiff's cell door to allow other inmates to enter and attack Plaintiff. Defendant Tipler seeks dismissal of Count III, on the basis that it is barred by a one year statute of limitations. *See* Mo. Rev. Stat. § 516.145. In response, Plaintiff argues that the one year statute of limitations does not apply in this case because Defendant Tipler was not acting "in an official capacity," as required by the statute. *Id.* Additionally, Plaintiff argues that the Court should find that his complaint was filed before the one year statute of limitations deadline passed on September 13, 2006.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, this Court will "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004). This is a strict

standard, as "[j]udgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

### III. DISCUSSION

In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court adopted the "prisoner mailbox rule" for determining when a *pro se* prisoner's notice of appeal is filed. The Supreme Court initially noted that a notice of appeal is generally not deemed filed until the court clerk actually receives it, based on the rationale that a "litigant who *chooses* to mail a notice of appeal assumes the risk of untimely delivery and filing." However, the situation is different for a *pro se* prisoner, who "has no choice but to hand his notice over to prison authorities for forwarding." *Id.* at 275. As a result, the Supreme Court declared that a notice of appeal is considered filed as soon as the prisoner delivers the notice to the prison authorities to be mailed to the court clerk. *Id.* at 276. "[M]aking filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule," which can typically be verified by reference to the prison mail logs. *Id.* at 275.

After *Houston v. Lack*, the Federal Rules of Appellate Procedure were modified to incorporate the prisoner mailbox rule. *See* Fed. R. App. P. 4(c)(1); *Sulik v. Taney County, Mo.*, 316 F.3d 813, 815 (8th Cir. 2003). To gain the benefit of the rule, a prisoner must deposit his or her notice of appeal in the system designed for legal mail, if the prison maintains such a system. Fed. R. App. P. 4(c)(1). In order to prove that his or her notice of appeal was timely filed, the prisoner can produce an affidavit in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must establish the date of filing and declare that first class postage was prepaid.

Fed. R. App. P. 4(c)(1). The affidavit or notarized statement does not have to accompany the prisoner's legal filing; rather it may be filed at a later time, so long as the filing does not needlessly delay the proceedings.[2] *Grady v. United States*, 269 F.3d 913, 917-18 (8th Cir. 2001).

The Eighth Circuit, in addition to many other United States Courts of Appeals, has extended the application of the prisoner mailbox rule beyond notices of appeal, to include all civil complaints made by prisoners. *Sulik*, 316 F.3d at 815; *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001); *Cooper v. Brookshire*, 70 F.3d 377, 380 (5th Cir. 1995); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991). When a *pro se* prisoner turns over his or her complaint to prison authorities for mailing, he or she loses control over it. Further, the prison authorities may have an incentive to delay filing, especially if they are named as defendants in the lawsuit. *Sulik*, 316 F.3d at 815. Based on this rationale, the Eighth Circuit held that the prisoner mailbox rule governs the determination of the date of filing, not only for notices of appeal, but for all *pro se* prisoner civil filings. *Id.* Thus, the date of filing for any *pro se* prisoner's lawsuit is the date the complaint was deposited with prison authorities.

Here, Plaintiff, a prisoner acting *pro se*, deposited his civil complaint with prison authorities on September 5, 2006, several days before the one year statute of limitations deadline of September 13, 2006.[3] He included in his filing a statement, signed under penalty of perjury

---

[2] If the submission of an affidavit or notarized statement is needlessly delayed, a court may refuse to consider it or may afford it less weight. *Grady v. United States*, 269 F.3d 913, 918 (8th Cir. 2001).

[3] It is important to note that the one year statute of limitations in Mo. Rev. Stat. § 516.145 only applies if Defendant Tipler's conduct is considered "an act in an official capacity." *Kinder v. Mo. Dep't of Corr.*, 43 S.W.3d 369, 373 (Mo. Ct. App. 2001) (defining acts in an official capacity as those within the scope of what the officer is is employed to do, rather than those resulting from personal frolic). Plaintiff alleges that Defendant Tipler's actions were motivated solely by personal benefit and therefore cannot be considered within the scope of his

5

under 28 U.S.C. § 1746, indicating that he turned over his complaint to prison authorities on September 5, 2006.[4] As a result, the Court will apply the prisoner mailbox rule to determine the applicable date of filing in this case. Applying this rule, Plaintiff's complaint is deemed to have been filed on September 5, 2006, before the one year statute of limitations had run.

The complicating factor is that Plaintiff's initial complaint did not include the full $350.00 filing fee and, therefore, it was returned by the Court Clerk. The First Circuit has considered a similar situation, and found that the prisoner plaintiffs had "made noteworthy efforts, despite their incarceration, to get the filing fee to the court at the time they filed their complaint." *Casanova v. Dubois*, 304 F.3d 75, 80 (1st Cir. 2002). The court reasoned that advance payment of a filing fee is "generally not a jurisdictional prerequisite to a lawsuit," and that the delay in the processing of the fee does not bar application of the prisoner mailbox rule. *Id.* Thus, the court held that the prisoner plaintiffs' complaint was timely filed, even though the fee was not paid and the case was not officially docketed until after the statute of limitations had run. *See id.* at 78, 80.

Other Circuits have also recognized that a complaint is timely filed if submitted before the

---

employment. *See id.*; *see also Spitz v. Coughlin*, 161 A.D.2d 1088, 1089 (N.Y. App. Div. 1990) (holding that a correctional officer who opened the door to an inmate's cell in order to allow other correctional officers to enter and attack the inmate was not acting within the scope of his employment). As a result, Plaintiff argues that the five year statute of limitations in Mo. Rev. Stat. § 516.120 should apply. It is not necessary for the Court to reach this conflict, because it finds that Plaintiff filed his complaint within one year, thereby complying with both the one year and five year statutes of limitations. For purposes of this Memorandum and Order only, the Court will assume, without deciding, that the one year statute of limitations applies.

[4] The Eighth Circuit has indicated that prisoners must meet the requirements of Federal Rule of Appellate Procedure 4(c)(1) to gain the protection of the prisoner mailbox rule when filing a notice of appeal. *See Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001); *see also Sulik v. Taney County, Mo.*, 316 F.3d 813, 815 (adopting Federal Rule of Appellate Procedure 4(c)(1) and the prisoner mailbox rule in the context of prisoner civil complaints). Plaintiff's statement does not declare that first class postage was prepaid when he turned his complaint over to prison authorities, as required by the Rules. Fed. R. App. P. 4(c)(1). However, this is not fatal, as Plaintiff can resubmit the declaration without causing needless delay. *See Grady v. United States*, 269 F.3d 913, 917-18 (8th Cir. 2001).

statute of limitations runs, even if the filing fee is not paid until later. *Robinson v. Doe*, 272 F.3d 921, 922-23 (7th Cir. 2001); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978). Additionally, the Eastern District of Missouri has stated that "assuming the filing fee is subsequently paid as directed by the Clerk," the date of filing "for purposes of the statute of limitations is the date on which the complaint was lodged with the Clerk." *Smith v. Planned Parenthood of St. Louis Region*, 327 F. Supp. 2d 1016, 1020 (E.D. Mo. 2004).

Here, Plaintiff made a noteworthy effort to get the filing fee to the Court Clerk when he initially filed his complaint. He relied upon information he received from the prison law library, which indicated that the filing fee was $250.00, and he included a check for that amount with his complaint. The Court Clerk received the complaint and check on September 12, 2006, one day before the one year statute of limitations deadline. When the complaint was returned, with instructions that a fee of $350.00 was required, Plaintiff promptly resubmitted his complaint with the full filing fee. Because payment of the filing fee is generally not a jurisdictional prerequisite, Plaintiff's initial failure to pay the proper fee does not affect this Court's determination of the date of filing and the prisoner mailbox rule still applies.[5] Thus, Plaintiff's complaint was timely filed before the statute of limitations passed.

**IV.    CONCLUSION**

The state law negligence claim in Count III of Plaintiff's complaint is not barred by the statute of limitations and may proceed.

---

[5] Even if the prisoner mailbox rule did not apply, Plaintiff's complaint would still be considered timely filed. Because Plaintiff's failure to submit the proper filing fee with his complaint does not affect the filing date determination, the latest possible filing date would be September 12, 2006, the date the complaint was actually lodged with the court. This is one day before the one year statute of limitations deadline.

7

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tipler's Motion for Partial Judgment on the Pleadings [doc. #63] is **DENIED**.

Dated this 7th day of January, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE